FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 APR 15 PM 2:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CARLOS TERRY, et al., | } | |
| Plaintiffs, | } } } | |
| vs. | } } | CIVIL ACTION NO. |
| U.S.A. MOBILE COMMUNICATIONS, INC., | } } } | CV-96-AR-1936-S |
| Defendant. | } | |

CRO

ENTERED

APR 15 1998

**MEMORANDUM OPINION REGARDING
PLAINTIFF ROSIE MASON**

The court has for its consideration a motion for summary judgment filed by defendant, U.S.A. Mobile Communications, Inc. ("USA Mobile"), against plaintiff, Rosie Mason ("Mason"), in the above-entitled action. Mason, a black female currently employed by USA Mobile, alleges that the company violated the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by disciplining her and by failing to promote her on account of her race. In a related claim, Mason alleges that USA Mobile retaliated against her for complaining of possible racial segregation at the company. For the reasons set out more fully below, the court concludes that summary judgment is appropriate on all but Mason's retaliation claim.

77

### I. *Pertinent Undisputed Facts*

Mason began working for USA Mobile as a temporary employee in June 1995. Pls.' Exh. 27 at 14. In October 1995, the company hired her for permanent employment as a "customer service representative." Id. at 13. As a customer service representative, Mason was assigned to the company's office located in Hoover, Alabama (the "Riverchase office"). Id. at 16. During the time that Mason worked as a customer service representative, her immediate supervisor was Mary Ann Dennis ("Dennis"). Id. at 17.

For the most part, Mason's employment seems to have been without incident. However, on November 10, 1995, she and a white customer service representative, Sherry Guenther ("Guenther"), drove to the Homewood office, where they planned to complain about a recent change in the lunch schedule for the Riverchase office to Phil Lombardo ("Lombardo"), the company's general manager. According to Mason, Leesa Taylor ("Taylor"), the company's customer service manager, had changed the lunch schedule "to split [Guenther and Mason] up because [Guenther] was white and [Mason] was black." Id. at 85. However, when they arrived at the Homewood office, Mary Moon ("Moon"), Lombardo's administrative assistant, told them that Lombardo was in a meeting and that she would assist them instead. Pls.' Exh. 4 at 120-21. Guenther and Mason then went on to relay their complaint

2

to Moon.  Pls.' Exh. 27 at 84-85.  Mason claims that Moon said that she would discuss their concern with Taylor and try to resolve the situation.  Id.  Guenther and Mason then returned to the Riverchase office.

According to Mason, Moon arrived at the Riverchase office "[t]wo or three hours later."  Id. at 85-86.  At this time, Taylor and Moon issued two written reprimands to Mason.  The first reprimand advised Mason that she was not in compliance with USA Mobile's policy requiring all employees who drive to work to provide proof of automobile insurance.  Pls.' Exh. 28.  This reprimand warned of "further action" if Mason did not correct the situation within one week.  Id.  The second reprimand informed Mason that "during the past week . . .[her] attitude [had] gone down tremendously."  Pls.' Exh. 29.  It advised Mason that, if her attitude did not improve within one week, she would be terminated.  Id.  Moon signed both reprimands as a witness.

On November 14, 1995, Mason filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Def.'s Brf. at 4.  On July 29, 1996, she joined the instant action by amended complaint.  Interestingly, in September 1996, Mason received a promotion to the position of "major accounts representative."  Id. at 10.  She is presently employed in that position.  Id. at 9.  After she received this promotion, Mason was transferred to the company's Homewood office.

3

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). USA Mobile has invoked Rule 56.

## III. *Discussion*

As noted above, Mason brings three claims pursuant to Title VII and § 1981, and, except as otherwise noted, the court will allow her claims to proceed under both statutes. First, she complains of disparate treatment in workplace discipline. Second, she alleges that the company failed to promote her because of her race. Third, she alleges that the company retaliated against her for complaining about racial segregation. The court will address each of these claims in turn.[1]

---

[1] Paragraphs 24-27 and paragraph 36 of Mason's First Amended Complaint allege a number of claims. However, in her brief opposing USA Mobile's motion for summary judgment, Mason does not address any claims other than those discussed herein. Therefore, the court assumes for purposes of this opinion that Mason has abandoned all claims except those addressed in her opposition brief. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.) (explaining that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary

4

### A. Mason's Disparate Treatment in Discipline Claims

USA Mobile policy requires all customer service representatives who drive a car to work to demonstrate proof of automobile liability insurance. Def.'s Brf. at 9. On November 10, 1995, Mason received a written reprimand for failing to comply with this policy. Pls.' Exh. 28. Mason alleges that this warning constitutes disparate treatment in workplace discipline. According to Mason, this warning was racially motivated because the company did not issue warnings to similarly situated white employees, like Guenther, who also failed to comply with the policy.

In order to make out a prima facie case for disparate treatment in workplace discipline, Mason must demonstrate: (1) that she is a member of a protected class; and either (2) that she did not violate the work rule in question; or (3) that she engaged in misconduct similar to that of a nonminority and, yet, received more severe discipline than the nonminority. Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989). When the court considers the record evidence in the light most favorable to Mason, it is clear that she can make out her prima facie case. First, it is undisputed that Mason belongs to a class protected by both Title VII and § 1981. Second, it is undisputed that

---

judgment are deemed abandoned"), cert. denied, 516 U.S. 817, 116 S.Ct. 74 (1995).

Guenther, a white customer service representative, did not receive a similar reprimand despite the fact that she was also in noncompliance with the company's automobile insurance policy. Having satisfied each of the elements of the requisite prima facie case, Mason has created an inference of discrimination regarding the company's application of its automobile insurance policy. Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1186 (11th Cir. 1984).

    USA Mobile responds to Mason's prima facie case by advancing what is a legitimate, nondiscriminatory reason for its decision to reprimand Mason. According to the company, it was unaware that Guenther and Mason were similarly situated in all respects because neither Moon nor Taylor was aware that Guenther was in noncompliance with the company's automobile insurance policy at the time they reprimanded Mason. Def.'s Reply Brf. at 4-5. In support of this contention, USA Mobile highlights Moon's testimony that she was unaware that Guenther needed to comply with the policy. Pls.' Exh. 4 at 113. Apparently, at Guenther's orientation, she represented to Moon that she did not drive to work. The company also notes that, while Taylor may have known that Guenther drove a car to work, there is nothing in the record to suggest that she knew that Guenther was in noncompliance with the automobile insurance policy. Def.'s Reply Brf. at 5. Given this evidence, the court concludes that USA Mobile has met its

exceedingly light burden of production and, therefore, that it has successfully rebutted the inference of discrimination created by Mason's prima facie case. As the Eleventh Circuit has observed, "[i]f an employer applies a rule differently to people it believes are differently situated, no discriminatory intent has been shown." Nix, 738 F.2d at 1186.

As Mason fails to present any evidence that USA Mobile's explanation of her reprimand concerning the company's automobile insurance policy is in any way pretextual, the court concludes that summary judgment is appropriate in Mason's claims for disparate treatment in workplace discipline.

### B. Mason's Failure to Promote Claims

According to Lombardo, at all times relevant to this action, USA Mobile did not consistently post vacancies prior to filling vacant positions with outside applicants. Pls.' Exh. 5 at 104-11. Mason asserts that, as a result of the company's failure to do so, black employees at the company have been denied the opportunity to apply for positions that were awarded to whites. Pls.' Brf. at 75. In particular, she claims that the company's failure to post vacancies twice prevented her from applying for and receiving a promotion to the higher-paying position of "collections specialist." Id. at 76; Pls.' Exh. 72 at ¶ 5. According to Mason, the company hired two white females to fill these positions instead — Angela Painter ("Painter") in February

1996 and Kelly Walker ("Walker") in April 1996. Pls.' Exh. 72 at ¶ 5; Pls.' Exhs. 85 and 86.

USA Mobile argues that Mason's claims regarding these two promotions are due to be dismissed because the company filled both positions **after** Mason filed her charge with the EEOC. Def.'s Reply Brf. at 7-8. This argument is well taken. As it is undisputed that Mason filed her EEOC charge on November 14, 1995, the court is without jurisdiction to consider her claims for discriminatory failure to promote arising after that date. *See* Zangrillo v. Fashion Inst. of Tech., 601 F. Supp. 1346, 1349 (S.D.N.Y.) (finding that plaintiff cannot maintain action for discriminatory acts occurring after date of EEOC charge and not considered by the EEOC), *aff'd*, 788 F.2d 2 (2d Cir. 1985).

Furthermore, even if the court were to consider these claims, it would avail Mason nothing. In order to make out a prima facie case for discriminatory failure to promote, Mason must demonstrate: (1) that she belongs to a protected class; (2) that she was qualified for the positions in question; (3) that she applied for those positions and failed to receive them; and (4) that the promotions went to an equally or less qualified nonminorities. Combs v. Plantation Patterns, 106 F.3d 1539 n.11 (11th Cir. 1997). Based on the record before the court, it is clear that Mason cannot make out two of the elements of her prima

facie.[2] First, Mason puts forward no evidence whatsoever to show that she was qualified to fill the "collections specialist" vacancies purportedly awarded to Painter and Walker. Second, she points to nothing in the record that indicates that Painter and Walker received those position despite having qualifications that were equal to or lesser than her own. Absent any such evidence, Mason cannot satisfy her initial burden. Therefore, any way the court looks at it, USA Mobile is entitled to receive summary judgment on Mason's failure to promote claims.

### C. Mason's Retaliation Claim[3]

In her brief opposing USA Mobile's motion for summary judgment, Mason claims that USA Mobile retaliated against her for complaining about the racial segregation that she perceived to be associated with the revised lunch schedule for the Riverchase

---

[2] USA Mobile argues that, because Mason cannot show that she ever applied for the positions awarded to Painter and Walker, she cannot satisfy a third element of her prima facie case as well. However, it is well settled in this circuit that where, as here, an employer fails to post job vacancies or fills vacant positions through an informal selection process, a plaintiff can create an inference of discrimination "without proving that [she] technically applied for, and failed to obtain, the promotion." Roberts v. Gadsden Mem'l Hosp., 835 F.2d 793, 797 (11th Cir. 1988). Therefore, given that USA Mobile concedes that it did not consistently post job vacancies, the absence of any evidence that Mason applied for the positions in question is not fatal to her prima facie case.

[3] Mason brings her retaliation claim pursuant to both Title VII and § 1981. Pls.' Brf. at 68-69. While it is well settled that a plaintiff can pursue retaliation claims under Title VII, the Eleventh Circuit has yet to address the types of retaliation claims that are cognizable under § 1981 in light of the Civil Rights Act of 1991. Reynolds v. CSX Transp., Inc., 115 F.3d 860, 868 n.10 (11th Cir. 1997). Therefore, in light of this ambiguity, the court will assume for purposes of this opinion that Mason's retaliation claim is brought pursuant to Title VII only.

store.  Pls.' Brf. at 76.  According to USA Mobile, because none of the paragraphs in the First Amended Complaint relating to Mason (¶¶ 24-27) attempt to state a claim for retaliation, this claim should be dismissed because it does not comply with the pleading requirements of Rule 8(a), Fed.R.Civ.P.  Def.'s Reply Brf. at 7-8.  Although it is a close call, the court disagrees with defendant on this point.

The Supreme Court of the United States has explained a plaintiff's burden under Rule 8(a) as follows:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant **fair notice** of what the plaintiff's claim is and the grounds upon which it rests.

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993) (emphasis supplied) (alterations and internal quotation marks omitted); see Seagood Trading Corp. v. Jerrico, Inc., 924 F.2d 1555, 1576 (11th Cir. 1991) (articulating similar explanation). In light of this explanation, the court is unprepared to say that Mason has failed entirely to provide the "fair notice" required by Rule 8(a) as to her retaliation claim.  Several considerations support this view.  First, ¶ 36 generally alleges that USA Mobile engages in impermissible retaliation.[4]  Second, given that the

---

[4] Paragraph 36 of Mason's First Amended Complaint provides:
The Defendant has a pattern and practice of discriminating against

10

title "General Allegations" precedes ¶ 36, one can reasonably assume that the allegations made there pertain to all of the plaintiffs in this action. Finally, Mason surely eliminated any confusion the company may have had about whether ¶ 36's generalized allegation of retaliation pertained to her when, at her deposition, she testified, "I feel I have been retaliated against." Pls.' Exh 27 at 60. Therefore, while the court shares in defendant's frustration over ambiguous, shotgun-style pleading, like that contained in ¶ 36, it concludes that the allegations contained there satisfy "the liberal system of 'notice pleading' set up by the Federal Rules," although by only the barest margin. Leatherman, 507 U.S. at 168, 113 S.Ct. at 1163. The court now turns its attention to the merits of Mason's retaliation claim.

To make out a prima facie case for retaliation under Title VII, Mason must demonstrate: (1) that she engaged in statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there is a causal connection between the protected expression and the adverse action. Raney v. Vinson

---

> its African American employees because of race and [sic] ***retaliating against its employees who object to defendant's discriminatory practices.*** This discriminatory and ***retaliatory treatment*** [sic] manifest in the defendant's treatment of these employees in decisions and acts regarding discharge, wages, promotions, job assignments, location assignments, discipline, hostile environment, training and other terms, conditions, and privileges of employment in violation of the plaintiffs' federally protected rights.

First Amended Complaint at ¶ 36 (emphasis supplied).

Guard Serv., 120 F.3d 1192, 1196 (11th Cir. 1997). USA Mobile argues that Mason cannot make out her prima facie case. This argument is not well taken for several reasons.

First, USA Mobile does not dispute whether Mason can satisfy the first element of her prima facie case. In fact, in its reply brief, USA Mobile states, "[Mason has] presented no facts to establish the second and third elements." Def.'s Reply Brf. at 8. Given the record evidence, this statement is not surprising. Clearly, Mason's complaint that the revised lunch schedule for the Riverchase office seemed to segregate employees on the basis of their race constituted statutorily protected expression. Pls.' Exh. 27 at 85-86; Pls.' Exh. 72 at ¶ 4; E.E.O.C. v. White & Sons Enters., 881 F.2d 1006, 1012 n.5 (11th Cir. 1989) (explaining that "a case of [retaliation] can be established if it is shown that the employee simply had 'a reasonable belief that the employer was engaged in unlawful employment practices.'"). Therefore, the court concludes that Mason has satisfied the first element of her prima facie case.

Second, contrary to USA Mobile's contention, Mason has put forward evidence of an adverse employment action. The record reveals that, on the very same afternoon that Mason lodged her complaint about the lunch schedule, Moon and Taylor issued a written reprimand to Mason because her "attitude has gone down tremendously." Pls.' Exh. 29. Her "attitude" could include

12

exactly what she complained about. In effect, this reprimand placed Mason on probation for one week, and it warned that she would be fired if her attitude did not improve within that time. Id. Given this evidence, the court concludes that Mason has satisfied the second element of her prima facie case. See e.g., Fowler v. Sunrise Carpet Indust., Co., 911 F. Supp. 1560, 1583 (N.D. Ga. 1995) (finding that written reprimand constitutes adverse employment action for Title VII purposes); Mauclair v. Airborne Freight Co., 1995 WL 447347 at *5 (N.D. Ga.) (same), aff'd, 81 F.3d 177 (11th Cir. 1996); Sowers v. Kemira, Inc., 701 F. Supp. 809, 825 (S.D. Ga. 1988) (same).

   Third, Mason's deposition testimony demonstrates the requisite causal connection between her protected expression and the adverse action. In this circuit it is well settled that courts are to "interpret 'the causal link broadly; a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" Meeks v. Computer Assocs. Internat'l, 15 F.3d 1013, 1021 (11th Cir. 1994). For example:

> [t]he causal connection . . . may be established circumstantially by showing a close time-link between the [adverse employment action] and the protected activity. (Citation omitted). The shorter the period between the two events, the stronger the inference that the adverse action was improperly motivated.

Balletti v. Sun-Sentinel Co., 909 F. Supp. 1539, 1549 (S.D. Fla. 1995). Mason testifies in her deposition that Mason and Taylor

13

issued her the written reprimand approximately "two to three hours" after she and Guenther complained to Moon about the lunch schedule on November 10, 1995. Pls.' Exh. 27 at 85-86. In the court's opinion, this extremely close "time-link," coupled with the fact that Moon was involved both in receiving Mason's complaint and in issuing the written reprimand, sufficiently demonstrates that Mason's protected expression and her reprimand are not entirely unrelated. Thus, Mason has satisfied the third element of her prima facie case.

As USA Mobile makes no discernable effort to advance a legitimate, nondiscriminatory reason for the adverse employment action at issue, the court concludes that summary judgment is not appropriate on Mason's retaliation claim.

## IV. Conclusion

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 15th day of April, 1998.

                                    /s/ William M. Acker
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE