FILED

98 APR 15 PM 2:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

CRo

ENTERED

APR 15 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARLOS TERRY, et al.,           }
                                }
    Plaintiffs,                  }
                                }   CIVIL ACTION NO.
    vs.                          }
                                }   CV-96-AR-1936-S
U.S.A. MOBILE COMMUNICATIONS,    }
INC.,                            }
                                }
    Defendant.                   }

**MEMORANDUM OPINION REGARDING
PLAINTIFF ALBERDEINA HENDERSON**

The court has before it a motion for summary judgment filed by defendant, U.S.A. Mobile Communications, Inc. ("USA Mobile"), against plaintiff, Alberdeina Henderson ("Henderson"), in the above-entitled action. Henderson, a black female presently employed at USA Mobile alleges that the company violated the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by discriminating against her on account of her race with respect to promotions, job assignments, and compensation. In a related claim, Henderson alleges that USA Mobile retaliated against her for complaining about disparate treatment, racial slurs in the workplace, and for filing a charge with the Equal Employment Opportunity Commission ("EEOC"). For the reasons set out more

fully below, the court concludes that USA Mobile is due to receive summary judgment only on Henderson's failure to promote and retaliation claims.

## I. *Pertinent Undisputed Facts*

In November 1994, Henderson began working for Premiere Page, a pager service company with several offices in Birmingham, Alabama. Pls.' Exh. 21 at 13-15. At all times relevant to this lawsuit, Premiere Page, and later USA Mobile, operated four stores in the Birmingham metropolitan area: the Homewood office, the Riverchase office, the Fairfield office, and the Roebuck office. Pls.' Exh. 5 at 22. When Henderson began working for Premiere Page, she was initially assigned to the Fairfield office. Pls.' Exh. 21 at 13-17.

In December 1994, USA Mobile, a national pager service company, purchased Premiere Page. Pls.' Exh. 5 at 31. USA Mobile hired Phil Lombardo ("Lombardo") in or around March or April 1995, to be the general manager of its offices in the Birmingham area. Id. at 20-22. As general manager, Lombardo's responsibilities included reorganizing Premiere Page to conform to USA Mobile's corporate structure. Id. at 31, 66.

In May 1995, Henderson applied for a promotion to the position of "billing clerk." Pls.' Exh. 21 at 59-60; Def.'s Exh.

2

D.  However, she did not receive this promotion.  Rather, according to Henderson, the position went to a white female, Elizabeth Greer.  Pls.' Brf. at 63.

As a part of USA Mobile's corporate reorganization effort, Henderson was offered a promotion to a higher-paying position in the company's customer service department.  Pls.' Exh. 21 at 14.  Henderson accepted this promotion.  Id.  As a result, she was transferred to the company's Riverchase office in August 1995.  Id. at 11-13.  During the time Henderson worked at the Riverchase office, Leesa Taylor ("Taylor"), USA Mobile's customer service manager, was her immediate supervisor.  Id.

In October 1995, Henderson complained to Mary Ann Dennis ("Dennis"), the customer service supervisor for the Riverchase office, about racial jokes made by Eddie McClain.  Id. at 34-35.  Later, in November 1995, Henderson filed a charge of discrimination with the EEOC.  She joined this lawsuit by amended complaint on July 29, 1996.  In August 1996, Henderson was transferred to the company's collections department at her request.  Id. at 10-12.  The collections department is located in the Homewood office.  Id.

3

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). USA Mobile has invoked Rule 56.

## III. *Discussion*

As noted above, Henderson brings four claims against USA Mobile.[1] First, she alleges that the company failed to promote her on account of her race. Second, she alleges that the company failed to pay her the same wage as similarly situated whites. Third, she alleges that USA Mobile gave her a less desirable job

---

[1] Paragraphs 32-36 of Henderson's First Amended Complaint allege a number of claims. However, in her brief opposing USA Mobile's motion for summary judgment, Henderson does not address any claims other than those discussed herein. Therefore, the court assumes for purposes of this opinion that Henderson has abandoned all other claims except those addressed in her opposition brief. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.) (explaining that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"), *cert. denied*, 516 U.S. 817, 116 S.Ct. 74 (1995).

4

assignment because of her race. Lastly, she alleges the company retaliated against her because she complained about discrimination and filed a charge with the EEOC. The court will address each of these claims in turn.[2]

### A. Henderson's Failure to Promote Claims

In May 1995, Henderson applied for a promotion to the position of "billing clerk." Pls.' Exh. 21 at 59-60; Def.'s Exh. D. According to Henderson, the company awarded this position to a white female, Elizabeth Greer ("Greer"), instead. Pls.' Brf. at 63; Pls.' Exh. 22. Henderson alleges that the company denied her this promotion because of her race.

In order to make out a prima facie case of discriminatory failure to promote under Title VII, Henderson must demonstrate: (1) that she is a member of a protected class; (2) that she was qualified for the promotion; (3) that she applied for the promotion and was rejected; and (4) that the employer awarded the position to a nonminority with similar or lesser qualifications. Combs v. Plantation Patterns, 106 F.3d 1519, 1539 n.11 (11th Cir. 1997). Given that the same substantive analysis applies to disparate treatment claims brought pursuant to § 1981, the court will consider Henderson's failure to promote claim simultaneously

---

[2] Henderson brings each of her claims pursuant to both Title VII and § 1981. Except as otherwise noted, the court will allow her claims to proceed under both statutes.

5

under both Title VII and § 1981. <u>Clark v. City of Macon</u>, 860 F. Supp. 1545, 1552 (M.D.Ga. 1994).

USA Mobile contends that Henderson cannot make out the requisite prima facie case. More specifically, the company argues that Henderson cannot show that she was equally or more qualified than Greer. This argument is well taken.

Henderson points to nothing in the record to indicate that Greer received the billing clerk position despite having qualifications that were equal to or lesser than her own. In fact, Henderson's knowledge of Greer's qualifications, if she has any, appears to be premised entirely on inadmissible hearsay.[3] Obviously, such evidence is insufficient to create a jury question. Therefore, as Henderson has failed to satisfy the fourth element of her prima facie case, the court concludes that USA Mobile is due to receive summary judgment on her failure to promote claims.

### B. Henderson's Unequal Pay and Job Assignment Claims

Henderson alleges that USA Mobile paid her less than similarly situated white employees. She also alleges that the company gave her a less desirable job assignment because of her

---

[3] Henderson testifies in her deposition that her coworkers told her that the person who received the billing clerk position (presumably Greer) "didn't have any . . . experience." Pls.' Exh. 21 at 68. These statements by Henderson's coworkers appear to be her only basis for believing that a less qualified person received the promotion.

6

race. In her brief opposing USA Mobile's motion for summary judgment, Henderson observes that the company does not challenge either of these claims in its initial brief in support of its motion for summary judgment. Indeed, USA Mobile does not address either of these claims until its reply brief. Henderson argues that, because the company failed to address these claims in its initial brief, summary judgment is inappropriate on either of these claims. Her argument is well taken.

It is well settled that "the 'purpose of Rule 56(c) is to allow a party to have a meaningful opportunity to challenge a summary judgment motion.'" <u>Petrolera Caribe, Inc. v. Arco Caribbean, Inc.</u>, 754 F.2d 404, 409 (1st Cir. 1985) (quoting <u>Indiana Port Comm'n v. Bethlehem Steel Corp.</u>, 702 F.2d 107, 111 (7th Cir. 1983)). Obviously, where, as here, the party moving for summary judgment does not mount its challenge to a particular claim until after the nonmoving party has submitted its opposition materials, it cannot be said that the nonmoving party has had a "meaningful opportunity" to respond to the motion for summary judgment. However, such a circumstance does not preclude summary judgment entirely. Rather, it merely requires that the nonmoving party be given such an opportunity. Accordingly, the court concludes that, before it can fairly consider whether USA Mobile should receive summary judgment on Henderson's unequal pay

7

and job assignment claims, Henderson is entitled to an additional opportunity to respond to the arguments raised in the company's reply brief concerning those claims.

### C. Henderson's Retaliation Claim[4]

Henderson alleges that USA Mobile retaliated against her for complaining about racial discrimination at the company. More specifically, she claims that, after she filed her EEOC charge in November 1995, the company "began a campaign of retaliation" against her. Pls.' Brf. at 67. According to Henderson, this retaliatory campaign took the form of "unjustified warnings and disciplines." Id. at 69.

To establish a prima facie case for retaliation in violation of Title VII, Henderson must demonstrate : (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) the existence of a causal connection between the protected expression and the adverse action. Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Moreover, the Eleventh Circuit recently explained what a plaintiff must show to make out the third

---

[4] Henderson brings her retaliation claim pursuant to both Title VII and § 1981. Pls.' Brf. at 68-69. While it is well settled that a plaintiff can pursue retaliation claims under Title VII, the Eleventh Circuit has yet to address the types of retaliation claims that are cognizable under § 1981 in light of the Civil Rights Act of 1991. Reynolds v. CSX Transp., Inc., 115 F.3d 860, 868 n.10 (11th Cir. 1997). Therefore, in light of this ambiguity, the court will assume for purposes of this opinion that Henderson's retaliation claim is brought pursuant to Title VII only.

8

element of the prima facie case by observing:

> To meet the causal link requirement, the plaintiff "merely has to prove that the protected activity and the negative employment action are not completely unrelated." (Citation omitted). The plaintiff must at least establish that the employer was actually aware of the protected expression at the time the employer took adverse employment action against the plaintiff.

Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997). This standard reflects the Eleventh Circuit's long-standing position that district courts are to construe the causal connection requirement broadly. Meeks v. Computer Asocs. Internat'l, 15 F.3d 1013, 1021 (11th Cir. 1997).

In response to Henderson's retaliation claim, USA Mobile contends that she cannot make out the requisite prima facie case. More specifically, the company argues that Henderson cannot show that she experienced an adverse employment action. The court agrees.

Henderson points to only two places in the record as support for her claim that she experienced an adverse employment action at USA Mobile. First, she points to a calendar maintained by Taylor and Dennis. Pls.' Exh. 14. According to Henderson, excerpts from the calendar prove that, after USA Mobile learned of her EEOC charge, it "disciplined or kept close notes on [her] every move." Pls.' Brf. at 69. Notwithstanding hearsay concerns, this evidence is, to say the least, unpersuasive.

9

Although the calendar entries do make several references to Henderson's performance and attitude, nothing in the entries indicates that, after she filed her EEOC charge on November 14, 1995, she experienced any sort of tangible job detriment. Clearly, the mere fact that employee's supervisor documents when an employee arrives at work, when she works through lunch, when she makes mistakes, or when she displays a poor attitude does not, without more, constitute an adverse employment action.

Second, Henderson points to her own affidavit testimony in which she asserts that, after she filed her EEOC charge, she "received numerous verbal warnings and written warnings." Pls.' Exh. 37 at ¶ 5. Obviously, this evidence, standing alone, avails Henderson nothing. It is well settled that, in the absence of meaningful supporting evidence, conclusory allegations are insufficient to withstand summary judgment. <u>Holifield v. Reno</u>, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

As Henderson fails to present any other evidence that she suffered an adverse employment action at USA Mobile, the court concludes that she has not met her prima facie burden and that the company is due to receive summary judgment on her retaliation claim.

## IV. *Conclusion*

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this __15__ day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE