FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 APR 15 PM 2: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

CARLOS TERRY, et al.,      }
                           }
     Plaintiffs,           }
                           }   CIVIL ACTION NO.
     vs.                   }
                           }   CV-96-AR-1936-S
U.S.A. MOBILE COMMUNICATIONS,  }
INC.,                      }
                           }
     Defendant.            }

ENTERED

APR 15 1998

**MEMORANDUM OPINION REGARDING
PLAINTIFF CECIL WALKER**

The court has before it the motion for summary judgment filed by defendant, U.S.A. Mobile Communications, Inc. ("USA Mobile"), against plaintiff, Cecil Walker ("Walker"), in the above-entitled action. Walker, a black male formerly employed at USA Mobile alleges that the company violated the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), by discharging him because of his race. In a related claim, Walker alleges that USA Mobile discharged him in retaliation for his complaints about racial discrimination at the company. As explained below, the court concludes that summary judgment is not appropriate on any of Walker's claims.

**I. *Pertinent Undisputed Facts***

On August 28, 1995, Walker began working as a "customer retention representative" for USA Mobile, a national pager

company with offices in Birmingham, Alabama. Pls.' Exh. 13 at 53. At all times relevant to this lawsuit, USA Mobile operated four stores in the Birmingham metropolitan area: the Fairfield office, the Homewood office, the Riverchase office, and the Roebuck office. Pls.' Exh. 5 at 22. Throughout the course of his employment at USA Mobile, Walker was assigned to the Riverchase office. Pls.' Exh. 13 at 53. Leesa Taylor ("Taylor"), USA Mobile's customer service manager, served as Walker's immediate supervisor. Pls.' Exh. 13 at 29.

As a customer retention representative, Walker had two main responsibilities. First, he was responsible for retaining current pager clients. Id. at 40-41. Second, he had oversight authority for the cash transactions performed by inside sales representatives for walk-in customers. Id. at 39-40. For example, if an inside sales representative applied a cash payment to the wrong account, then Walker was responsible for identifying such an error and taking steps to correct it. Id. at 62-63.

On or about January 8, 1996, a manager at USA Mobile noticed a series of errors in cash transactions performed by Carlos Terry ("Terry"). Pls.' Exh. 15 at 52-54. This information was reported to Taylor, who, along with Eddie McClain ("McClain"), the company's inside sales manager, conducted a more extensive investigation into other cash transactions involving Terry. Pls.' Exh. 5 at 171. As a result of this investigation, managers

2

at USA Mobile concluded that Terry was stealing company funds. Pls.' Exh. 5 at 167-68. They also concluded that Walker had failed to follow appropriate cash management procedures in an effort to assist Terry. Id. Taylor presented the results of the investigation to Phil Lombardo ("Lombardo"), USA Mobile's general manager. Id. at 172.

On January 23, 1996, Lombardo discharged Walker. That same day, Walker filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On July 29, 1996, Walker joined this action by amended complaint.

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). USA Mobile has invoked Rule 56.

3

### III. *Discussion*[1]

As an initial matter, the court notes that Walker's claims mirror those brought by plaintiff Carlos Terry ("Terry") in most every respect, including their factual underpinnings. Consequently, the court's analysis of Walker's claims will closely follow its analysis of Terry's claims.

### A. Walker's Discriminatory Discharge Claim

Walker alleges that his discharge was, in fact, racially motivated. Where, as here, a plaintiff seeks to prove disparate treatment under Title VII by using circumstantial evidence, he must first satisfy his initial prima facie burden as per McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). In order to make a prima facie case for discriminatory discharge, Walker must demonstrate: (1) that he is a member of the class protected by Title VII; (2) that he was qualified for his position; (3) that he suffered an adverse employment action; and (4) that, after his discharge, the employer filled his former position with a nonminority. Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995). If Walker

---

[1] Paragraphs 28-31 and ¶ 36 of Walker's First Amended Complaint alleges a number of claims. However, in his brief opposing USA Mobile's motion for summary judgment, Walker does not address any claims other than those discussed herein. Therefore, the court assumes for purposes of this opinion that Walker has abandoned all other claims except those addressed in his opposition brief. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.) (explaining that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"), *cert. denied*, 516 U.S. 817, 116 S.Ct. 74 (1995).

4

establishes a prima facie case for discriminatory discharge, then the burden of production shifts to USA Mobile to establish evidence of a legitimate, nondiscriminatory reason that explains why it took the employment action that it did. See <u>Mayfield v. Patterson Pump Co.</u>, 101 F.3d 1371, 1375 (11th Cir. 1996) (articulating employer's burden). Finally, if USA Mobile meets this exceedingly light burden, then the burden shifts to Walker to show that the reason given by the company is, in fact, a pretext for race discrimination. See <u>id</u>.(explaining plaintiff's burden with respect to pretext). Given that the same substantive analysis applies to claims brought under § 1981, the court will consider Walker's discharge claim under Title VII and § 1981 simultaneously. <u>Clark v. City of Macon</u>, 860 F. Supp. 1545, 1552 (M.D. Ga. 1994).

In the instant case, USA Mobile concedes that Walker can satisfy all the elements of his prima facie case. Def.'s Brf. at 8. However, the company contends that, because it has articulated a legitimate, nondiscriminatory reason to explain Walker's discharge, it has successfully rebutted any presumption of discrimination triggered by his prima facie case. The court agrees. The record clearly indicates that USA Mobile discharged Walker for failing to observe the required cash management procedures in connection with a scheme to misappropriate company funds. Pls.' Exh. 5 at 167-68, 183-85, 195-97. Consequently,

the burden now shifts to Walker to establish that the company's rationale is merely a pretext for race discrimination.

To establish pretext, Walker "has the opportunity to come forward with evidence, including previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). Walker advances two points in an attempt to show that the company's proffered rationale for his discharge is pretextual.

First, Walker claims that "a white employee, Stephanie Evans ["Evans"], cash drawer [sic] came up short but she was not terminated or even given a written warning." Pls.' Brf. at 38. In support of this claim, Walker points to a memorandum detailing an imbalance in Evans's "batch" on May 5, 1995. Pls.' Exh 42. According to Walker, the fact that a white employee who failed to observe the appropriate cash management procedures was not discharged demonstrates that his own termination for doing so was racially motivated. The court disagrees.

As noted elsewhere in this case, in order to demonstrate disparate treatment, a plaintiff must show that the proffered comparator is, in fact, similarly situated to the plaintiff in all relevant respects. Holifield v. Reno, 115 F.3d 1555, 1562

6

(11th Cir. 1997). Unless a plaintiff makes such a showing, the mere fact that the comparator received more favorable treatment than the plaintiff does not establish pretext. See id. at 1562-63 (explaining that, absent other evidence of discrimination, summary judgment is appropriate if plaintiff fails to show the existence of a similarly situated employee); Nix v. WLCY\Rahall Communications, 738 F.2d 1181, 1186 (11th Cir. 1984) (observing that "[i]f an employer applies a rule differently to people it believes are differently situated, no discriminatory intent has been shown"). As USA Mobile correctly observes, in the instant case, Walker fails to demonstrate in any discernable fashion that he and Evans were similarly situated in any respect. In particular, he puts forward no evidence to indicate that the company required Evans and Walker to follow the same cash management procedures or that it ever suspected Evans of being involved in the misappropriation of company funds. Without such evidence, the mere fact that the company retained Evans despite a cash imbalance in her "batch" is not probative of pretext. See Jones v. Gerwens, 874 F.2d 1534, 1541 (11th Cir. 1989) (stating "burden is on [plaintiff] to show a similarity between [his] conduct and that of white employees who were treated differently").

Second, Walker tries to establish pretext by claiming that the investigation leading to his discharge was tainted with

7

racial discrimination. More specifically, Walker claims that the management personnel principally responsible for the investigation — McClain and Taylor — used racial slurs in the workplace.[2] Pls.' Brf. at 36-37. According to Walker, because Lombardo predicated his decision to discharge Walker exclusively on the results of the investigation conducted by McClain and Taylor, their use of such slurs is sufficient to create a jury question as to whether racial bias contaminated the challenged decision. For the reasons discussed in greater detail in the memorandum opinion regarding plaintiff Carlos Terry, the court agrees with Walker. Therefore, as per Combs, summary judgment is inappropriate on Walker's discharge claims.

### B. Walker's Retaliation Claim[3]

Walker also alleges that USA Mobile retaliated against him because he complained about racial discrimination in his interview with Attorney Evans on January 5, 1996. To establish a prima facie case for retaliation in violation of Title VII, Walker must demonstrate: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment

---

[2] According to Walker, during a personal phone call, Taylor said "that nigger got off" to an unknown third party in response to the verdict in the O.J. Simpson trial. Pls.' Exh. 13 at 91-92. According to several other USA Mobile employees, McClain repeatedly used the word "nigger" and often told racially oriented jokes at work. Pls. Exh. 9 at 51, 67-68; Pls.' Exh. 13 at 83; Pls.' Exh. 21 at 23-28; Pls.' Exh. 27 at 49-52.

[3] In his brief opposing USA Mobile's motion for summary judgment, Walker discusses his retaliation claim only within the context of Title VII. Accordingly, for purposes of this opinion, the court assumes that his retaliation claim is **not** brought pursuant to § 1981.

8

action; and (3) the existence of a causal connection between the protected expression and the adverse action. <u>Raney v. Vinson Guard Serv.</u>, 120 F.3d 1192, 1196 (11th Cir. 1997). Moreover, the Eleventh Circuit recently explained what a plaintiff must show to make out the third element of the prima facie retaliation by observing:

> To meet the causal link requirement, the plaintiff "merely has to prove that the protected activity and the negative employment action are not completely unrelated." (Citation omitted). The plaintiff must at least establish that the employer was actually aware of the protected expression at the time the employer took adverse employment action against plaintiff.

<u>Holifield</u>, 115 F.3d at 1566. This standard reflects the Eleventh Circuit's long-standing position that the causal link requirement is to be broadly construed. <u>Meeks v. Computer Assocs. Internat'l</u>, 15 F.3d 1013, 1021 (11th Cir. 1994).

Initially, USA Mobile attacks Walker's prima facie case by arguing that he cannot show that he engaged in statutorily protected expression. This argument is unpersuasive. In this circuit, it is well settled that "a plaintiff can establish a prima facie case of retaliation under the opposition clause of Title VII if he can show that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." <u>Little v. United Technologies</u>, 103 F.3d 956, 960 (11th Cir. 1996). According to Walker's testimony, during his interview with Attorney Evans, he complained that several white employees at USA Mobile enjoyed favored treatment with respect to

9

breaks, tardiness, and absenteeism. Pls.' Exh. 13 at 115-21. Obviously, where, as here, a black employee complains that the employer is allowing white employees to disregard company rules about breaks and tardiness, his complaint evidences such a belief and constitutes statutorily protected expression. The mere fact that the complaint involves only a relatively minor privilege of employment, or that the complaining employee does not try to flout the rule himself, does nothing to undermine this conclusion. Therefore, the court concludes that Walker has satisfied the first element of his prima facie case.

USA Mobile also challenges Walker's prima facie case by arguing that he cannot establish the requisite causal connection between any such expression and his discharge. This argument also is unpersuasive. To demonstrate the causal connection between his complaint and discharge, Walker relies on virtually the same circumstantial evidence used by Terry for the same purpose. For the same reasons given in the memorandum opinion regarding plaintiff Terry, the court finds that this circumstantial evidence is sufficient to establish that Walker's complaint and his discharge are not wholly unrelated. Consequently, the court concludes that he has satisfied his prima facie burden.

However, because USA Mobile has articulated a legitimate, nondiscriminatory reason for his discharge, the company has

successfully rebutted any inference of retaliation created by Walker's prima facie case. <u>E.E.O.C. v. Reichhold Chem., Inc.</u>, 988 F.2d 1564, 1571-72 (11th Cir. 1993). As with Walker's discharge claim, the record indicates that the company discharged Walker because he failed to observe the appropriate cash management procedures in connection with a scheme to misappropriate company funds. Pls.' Exh. 5 at 167-68, 183-85, 195-97. Consequently, the burden now shifts to Walker to show that this reason is merely a pretext for retaliation. <u>Meeks</u>, 15 F.3d at 1021; <u>Goldsmith</u>, 996 F.2d at 1163.

As evidence of pretext, Walker points to the fact that, in addition to himself, USA Mobile fired at least three other black employees — Ingar Bass, Monica Sellers, and Carlos Terry — shortly after they complained about racial discrimination in their interviews with Attorney Evans on January 5, 1996.[4] As noted in greater detail in the court's memorandum opinion regarding plaintiff Terry, the court feels that this evidence is sufficient to create a jury issue as to pretext regarding Walker's discharge. Thus, as per <u>Combs</u>, summary judgment is not appropriate on Walker's retaliation claim.

---

[4] In her EEOC charge, Ingar Bass claims that she complained about racial discrimination to a USA Mobile attorney (presumably Attorney Evans) in late December, 1995 or early January, 1996. The company discharged Bass on March 4, 1996. Pls.' Exh. 41. Monica Sellers and Carlos Terry complained to Attorney Evans about racial discrimination and harassment at the company on January 5, 1996. The company discharged Sellers and Terry on March 4, 1996 and January 22, 1996, respectively. Pls.' Exh. 14 (Bates No. 0002169); Pls.' Exh. 71 at ¶¶ 3, 7; Def.'s Exh. F.

11

## IV. *Conclusion*

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this  15  day of April, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE